IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, ] ] ] Plaintiff, ] ] v. ] ] WATERSIDE PROPERTIES, LLC, ] AND PAUL H. ROBINSON, JR., ] ] Defendants. | 4:12-cv-3779-KOB |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure." (Doc. 6). The Defendants argue that the case should be dismissed because Plaintiff Branch Banking & Trust ("BB&T") has failed to join an indispensable party under Rule 19. BB&T argues that the Defendants failed to adequately identify *who* the indispensable party is, and even if an indispensable party exists, the court should order the joinder of that party if it is feasible, as opposed to dismissing the action entirely. Because the Defendants do not provide the court with any cognizable legal argument or authority supporting that argument, the court DENIES the motion.

I.  STATEMENT OF FACTS

On a motion to dismiss, "a court must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendant Waterside is the owner and developer of a large area of land bordering Lake Logan Martin in St. Clair County, Alabama, known as "The Yacht Club." Waterside built a residential community of townhomes within The

1

Yacht Club called "The Bluffs."

On September 7, 2009, Waterside entered into a Sewer Service Agreement with Southwest Water Alabama Onsite System Services, LLC to permit Southwest Water to own, operate, and manage sewer facilities within The Yacht Club. The Sewer Service Agreement obligates Waterside to complete The Yacht Club sewer system at its expense and then convey the sewer system to Southwest Water upon completion.

On March 24, 2009, BB&T made Waterside a $1.8 million construction loan to build six of the planned thirty-six townhomes within The Bluffs. The Loan is evidenced by a promissory note and a construction loan agreement executed by Waterside and Defendant Paul H. Robinson, Jr.  Waterside also executed a Mortgage on Lots 13, 14, 15, 16, 17, and 18 where the six townhomes were to be built in The Bluffs. Mr. Robinson personally guaranteed all of Waterside's obligations to BB&T.

On January 10, 2011, the promissory note matured; Waterside defaulted on the note; and BB&T initiated foreclosure proceedings on the six townhomes. On July 1, 2011, BB&T purchased the six townhomes at a foreclosure sale.

On March 2, 2010, Waterside transferred title to The Yacht Club sewer system and related real property to Southwest Water. Then, on September 14, 2012, Southwest Water attempted to prepare The Yacht Club sewer system to serve the townhomes within The Yacht Club, but Waterside refused to allow Southwest Water to own, operate, maintain, and control the sewer system and refused to connect the townhomes to the sewer system.

Under the Construction Loan Documents, BB&T has the right to complete the townhomes upon Waterside's default.  BB&T claims that Waterside's refusal to connect the

completed townhomes to the sewer system is a breach of Waterside and Robinson's obligations under the Construction Loan Documents.

In its very concise Motion to Dismiss, the Defendants acknowledge the basic facts as pled by BB&T. The Defendants also state that Waterside borrowed money to build the sewer facility from an "individual investor" and subsequently defaulted on the loan. (Doc. 6, at 1). Because of the default, the private investor foreclosed on the sewer treatment facility and is the owner of the sewer as of April 14, 2011. Waterside also alleges that it "owns no real property" at The Yacht Club and thus has no authority to allow BB&T access to the sewer treatment facility.

## II.     LEGAL ANALYSIS

"As the part[ies] invoking Rule 19, it is [the Defendants'] burden to demonstrate which Rule 19(b) factors required dismissal 'in equity and good conscience.'" *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011)) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003)). In their motion to dismiss, the Defendants' only statement that could be interpreted as an argument for the court to dismiss the action is that "Plaintiff has failed to join the proper party to whom [sic] owns and controls the sewer treatment facility as a defendant in this action." (Doc. 6, at 12). The Defendants only slightly elaborate on this argument in their Reply brief, but still do not cite any law supporting their argument for dismissal other than Rule 12(b)(7) in the title of the motion and Reply. The court will deny the motion on the grounds that the Defendants provide no authority on which the court could possibly grant its motion. The court notes, however, that if the motion warranted proceeding to analyze the merits, it may have many other grounds on which to base its denial.

The Defendants claim that the private investor who foreclosed on the sewer treatment facility is not named in the suit, and attach the Mortgage Foreclosure Deed to their Reply. (Doc. 11-1). The Mortgage Foreclosure Deed conveys the property at issue from Waterside to "Paul H. Robinson," and the individual named in the lawsuit is "Paul H. Robinson, Jr." The court will assume that Paul H. Robinson is in fact a different individual from Paul H. Robinson, *Jr.* because assuming otherwise would mean that the Defendants have misled the court.

Even assuming Paul H. Robinson, the mysterious "private investor," is an indispensable party, which is not a ruling this court is inclined to make, the Defendants have failed to produce any legal argument or cite any authority to support their proposition that the court should dismiss this case without his presence. As BB&T correctly points out, the court has the authority to order the joinder of Paul H. Robinson or to allow BB&T to amend its Complaint to include Paul H. Robinson. Also, the Defendants are welcome to move for leave to file a third-party complaint against Paul H. Robinson if they believe they have a meritorious claim against him.

III.    CONCLUSION

This motion lacks any legal authority and any coherent argument. The court refuses to proceed to the merits of a bare-bones motion such as this one, and will DENY it for the Defendant's failure to meet its burden of persuading the court that the absent "private investor" is an indispensable party without which this case cannot proceed.

DONE and ORDERED this 10th day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE